ELLA THORN, ADMINISTRATRIX. PLAINTIFF, v. BENJA-MIN ELFANT, DEFENDANT.

Submitted December 7, 1922—Decided February 28, 1923.

The judge of a Circuit Court allowed a rule to show cause why a new trial should not be granted, and on the hearing of the rule, being in doubt as to the competency of certain newly-discovered evidence certified that question to the Supreme Court. *Held,* that such certificate was not within the statute which provides that a judgment, subject to review, be entered in conformity with the answers given, for the granting of a new trial is the discretionary act of the trial court, and does not result in a judgment reviewable on error, which the statute requires as the foundation for a case certified.

On case certified.

Before Justices PARKER, BERGEN and MINTURN.

For the plaintiff, *Edmund A. Hayes.*

For the defendant, *Russell E. Watson.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff brought suit as administratrix of her deceased husband for injuries, causing his death, based upon the charge that the defendant had neglected to exercise reasonable care in the condition of a stairway in a house leased by the deceased from the defendant. The plaintiff recovered a verdict for $5,475, and Judge Lloyd allowed a rule to show cause, principally upon the ground of newly-discovered evidence. In support of that rule depositions were taken and witnesses testified to statements made by the deceased regarding the cause of the accident which had caused his death, the effect of which would be to completely exonerate the defendant. After the rule was argued Judge Lloyd decided to certify the question, as to the admissibility of the evidence to this court. The question certified being "whether the declarations alleged to have been made by plaintiff's intestate, Sidney Thorn, shortly after the accident which ultimately caused his death, in which he gave to a number of persons an account of the accident wholly inconsistent with that claimed by the plaintiff, and the effect of which would be to tend to exonerate the defendant, are admissible."

This is not a case that can be properly certified to this court. The Practice act of 1903 (*Pamph. L.* 537, § 215), in providing for a certified case from the Circuit Court declares, "and after opinion given thereon shall certify the same to the said Circuit Court, which court shall render judgment thereon in conformity to such opinion," which judgment is subject to a writ of error. In the present case all that could happen would be either that the rule be discharged, or made absolute, neither determination being reviewable. There can

be no judgment such as the statute requires on answer to a certified case, and the losing party has no judgment against him which he can review, because the granting or refusal of a new trial is within the discretion of the court certifying the question for decision. No answer to the question certified. is required as it is not properly before us, and it is therefore refused.